UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| STATIC CONTROL COMPONENTS, INC., <br><br> PLAINTIFF/COUNTERCLAIM DEFENDANT <br><br> v. <br><br> LEXMARK INTERNATIONAL, INC., <br><br> DEFENDANT/COUNTERCLAIM PLAINTIFF <br><br> v. <br><br> WAZANA BROTHERS INTERNATIONAL, INC. d/b/a MICRO SOLUTIONS ENTERPRISES <br><br> COUNTERCLAIM DEFENDANT <br><br> v. <br><br> PENDL COMPANIES, INC. <br><br> COUNTERCLAIM DEFENDANT <br><br> v. <br><br> NER DATA PRODUCTS, INC. <br><br> COUNTERCLAIM DEFENDANT | Pending in the United States District Court Eastern District of Kentucky, before the Honorable Gregory F. Van Tatenhove, Civil Action 04-CV-84-GFVT <br><br> CIVIL ACTION NO. |

### DECLARATION OF SETH D. GREENSTEIN, ESQ.

I, Seth D. Greenstein, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am a member of the law firm of Constantine Cannon, P.C. ("Constantine Cannon") and counsel for the plaintiff and counterclaim defendant Static Control Components, Inc ("Static Control"). I am a member in good standing of the bar of the District of Columbia and am admitted to practice before this court. I submit this Declaration based on my personal

FILED
82687.2
OCT 30 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT
Dockets.Justia.com

knowledge unless stated otherwise and in support of Constantine Cannon's motion to quash the October 19, 2006 subpoena that was served on Constantine Cannon by Lexmark International, Inc. ("Lexmark").

2. In December 2002, Lexmark filed a lawsuit against Static Control in the United States District Court for the Eastern District of Kentucky. In 2004, Static Control filed a Declaratory Judgment action against Lexmark in the same Court, and Lexmark counterclaimed against Static Control and three other parties. The two actions were consolidated by the Court and are currently pending before the Honorable Gregory Van Tatenhove. (Civil Action 04-CV-84-GFVT; hereinafter, "the Kentucky Litigation"). Attached hereto as Exhibit 1 is a true and correct copy of the Complaint for Declaratory Judgment filed by Static Control on February 24, 2004. Attached hereto as Exhibit 2 is a true and correct copy of the Second Amended Answer and Counterclaims in the 2004 action.

3. In January 2003, the law firm of McDermott, Will & Emery was retained as trial counsel to Static Control in connection with the first of the two actions. At the time, I was a member of McDermott, Will & Emery and became counsel to Static Control.

4. In January 2006, I became a member of Constantine Cannon. Consequently, Static Control retained Constantine Cannon as additional trial counsel in the Kentucky Litigation.

5. Constantine Cannon was retained solely as trial counsel to Static Control and not to offer any opinions as to the validity or infringement of any patent. As trial counsel for Static Control, Constantine Cannon has not provided any party to this litigation, including Static Control, with any opinion as to the validity or infringement of any patent.

6. Constantine Cannon was not retained by any other party to the litigation. Constantine Cannon has not provided any legal services whatsoever to any party in the Kentucky

Litigation other than Static Control.

7. As trial counsel, Constantine Cannon has participated with counsel for all of the counterclaim defendants in privileged communications concerning matters of common interest to their preparation for trial and pursuant to a common interest agreement.

8. The common interest agreement does not contemplate the provision of, nor has it been used to provide, any party with any opinions as to the validity or infringement of any patent.

9. On or about October 13, 2006, Pendl Companies, Inc. ("Pendl", a counterclaim defendant in the Kentucky Litigation) – of its own volition and without prior discussion with Constantine Cannon – disclosed to Lexmark a written opinion of counsel that it apparently procured in 1999 ("Opinion Letter"), years before any of the Kentucky Litigation began.

10. The Opinion Letter, dated August 26, 1999, is from Robert D. Becker, Esq. of Coudert Brothers to Mr. Randy Pendl and its subject is "Lexmark Prebate Program." The Opinion Letter mentions: (i) the patent laws of the United States; (ii) the contract laws of the United States; (iii) Pendl's repair of Lexmark cartridges; (iv) the sale by Pendl of repaired Lexmark cartridges; (v) the exhaustion of any Lexmark patent right(s) in the cartridges; (vi) Lexmark's anti-competitive behavior; and (vii) Lexmark's pricing schemes.

11. The Opinion Letter has been marked "Confidential-Attorney's Eyes Only" pursuant to a Protective Order entered in the Kentucky Litigation.

12. To the best of Constantine Cannon's knowledge, neither Mr. Becker nor Coudert Brothers has played any role in the Kentucky Litigation.

13. Constantine Cannon has never had any communications with Mr. Becker or Coudert Brothers concerning Pendl or this litigation.

82687.2

14. Constantine Cannon was not aware of the Becker/Coudert opinion letter before Pendl disclosed it on October 13, 2006.

15. On October 19, 2006, Constantine Cannon received by e-mail a subpoena from Lexmark. Attached hereto as Exhibit 3 is a true and correct copy of the subpoena. Attached hereto as Exhibit 4 is a true and correct copy of the October 19, 2006 e-mail to me from Michael Krashin, counsel to Lexmark, transmitting the subpoena.

16. On information and belief, Lexmark has caused identical subpoenas to be served on each and every other law firm representing all of the counterclaim defendants in the Kentucky Litigation.

17. Any document or other communication between Constantine Cannon and Static Control that is responsive to the topics in the subpoena would have been made to Static Control for the purpose of providing legal services in connection with the ongoing litigation in Kentucky.

18. Any communication between Constantine Cannon and Pendl's attorneys and any document in the possession of Constantine Cannon reflecting such communications that is responsive to the topics in the subpoena would have been made in preparation for the anticipated trial in Kentucky and in the course and in furtherance of the joint defense effort to defend against Lexmark's counterclaims.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: October 30, 2006
Washington, D.C.

_____
SETH D. GREENSTEIN

82687.2