UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STATIC CONTROL COMPONENTS, INC.

    PLAINTIFF

v.

                                  Misc. Action No. 06-478 (JDB)

LEXMARK INTERNATIONAL, INC.,

    DEFENDANT

## CONSTANTINE CANNON, P.C.'S OPPOSITION TO LEXMARK INTERNATIONAL, INC.'S MOTION FOR LEAVE TO FILE SURREPLY TO CONSTANTINE CANNON'S MOTION TO QUASH SUBPOENA SERVED ON OPPOSING PARTY'S TRIAL COUNSEL

Constantine Cannon, P.C. ("Constantine Cannon") hereby opposes the motion filed by Lexmark International Inc. ("Lexmark") for leave to file a surreply ("Lexmark Motion") to Constantine Cannon's Reply in Support of its Motion to Quash Subpoena Served on Opposing Party's Trial Counsel. Its motion for leave to file a surreply is yet another example of Lexmark's abuse of the discovery process by persisting in enforcement of an improper subpoena and its attempt to harass and distract opposing counsel on the eve of critical deadlines in the underlying litigation,[1] including the dispositive motions deadline of December 15, 2006. Because Lexmark's motion for leave to file a surreply, like the subpoena it seeks to enforce, is utterly groundless, the Court should deny Lexmark's motion, grant Constantine Cannon's motion to quash, and award Constantine Cannon and its client, Static Control Components, Inc. ("Static Control"), their attorneys' fees.

_____

[1] The underlying litigation is pending in the Eastern District of Kentucky before the Honorable Gregory F. Van Tatenhove (Civil Action 04-CV-84-GFVT).

**A.    Lexmark Cannot Meet the Standard in This Circuit For Granting Leave To File a Surreply.**

Although Lexmark blithely asserts in its two-paragraph motion that it is responding to *new* arguments raised by Constantine Cannon and to "inform the Court of *related* developments" (Lexmark Motion at 2)(emphasis added), Lexmark's motion for leave to file a surreply should be denied because it cannot meet the standard for granting leave in this Circuit.

"The standard for granting leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld,* 154 F. Supp. 2d 56, 61 (D.D.C. 2001); *Lightfoot v. District of Columbia*, No. Civ. A. 04-1280 (RBW), 2006 WL 54430 at *1 n.2 (D.D.C. Jan. 10, 2006). "The matter must be truly new." *United States. v. Baroid Corp.*, 346 F. Supp. 2d 138, 143 (D.D.C. 2004). Leave should be denied where the surreply seeks only to raise issues that have already been addressed or that the party seeking such leave previously had the opportunity to address. *United States Commodity Futures Trading Comm'n v. Whitney*, 441 F. Supp. 2d 61, 73 (D.D.C. 2006) (denying motion to file surreply because the reply raised "issues that the parties have already addressed or had the opportunity to address").

In this case, Lexmark's motion for leave to file a surreply fails to identify any new argument allegedly raised by Constantine Canon in its Reply. That is because there is none. Instead, Lexmark's surrreply proceeds to make two arguments that it could have made in its opposition, but did not. *First*, Lexmark asserts that the Motion to Quash should be held in abeyance pending the decision of two motions that are currently before the Eastern District of Kentucky. Lexmark's Sur-Reply at 2. Lexmark is prohibited from asserting this argument in surreply, since there is no justifiable reason why Lexmark could not have made this argument in its Opposition. The motions by Pendl Companies, Inc. ("Pendl") and by Wyatt, Tarrant &

2

84634.1

Combs, LLP ("Wyatt") that are currently before the Kentucky court were filed on November 3, 2006 and October 30, 2006 — well before Lexmark filed its Opposition on November 9, 2006. Because Lexmark had ample opportunity to raise this argument in its Opposition, Lexmark's motion to file a surreply should be denied.[2]

*Second*, recognizing the infirmities of relying solely on an alleged waiver by Static Control to justify its improper subpoena -- predicated on an advice of counsel defense asserted by Pendl, not Static Control -- Lexmark belatedly attempts to address the merits of Constantine Cannon's Motion to Quash. To that end, Lexmark attempts now to distinguish the caselaw cited by Constantine Cannon in its initial Motion to Quash.[3] Lexmark Motion at 3-8. Like its first argument, however, Lexmark could have made these arguments in its Opposition, and there is no reason whatsoever that would have prevented Lexmark from addressing these cases at that appropriate time. Lexmark simply chose not to make those arguments then, and should not be permitted to reconsider the wisdom of that strategy now.[4]

---

[2] In connection with this argument, Lexmark contends that Constantine Cannon is "bothering" this Court by having filed its motion to quash and "refusing" to abide by the decision of the Eastern District of Kentucky. Sur-Reply at 2-3. Lexmark conveniently forgets that Constantine Cannon is not a party to the Kentucky litigation, that Fed. Rule Civ. P. 45(c)(1) requires *this* Court to quash the subpoena if it requires Constantine Cannon to disclose privileged or protected matter and subjects it to undue burden, and that it is Lexmark that has bothered this Court and other federal District Courts all over the country by inappropriately serving subpoenas on each and every trial counsel opposing Lexmark in the Kentucky litigation.

[3] Constantine Cannon's Motion to Quash cited numerous cases holding that (i) one party subject to joint defense/common interest privilege cannot unilaterally waive the privilege and (ii) that a party asserting an advice of counsel defense cannot waive the privilege of other parties under a joint defense/common interest privilege. Lexmark's attempt in the Sur-Reply to distinguish these holdings is strained at best. Significantly, Lexmark still fails to cite one single case to contradict these principles.

[4] Lexmark's surreply also attempts to narrow the scope of the subpoena by limiting it to "communications between Constantine and Pendl in view of the waiver of the Becker Opinion by Pendl." Sur-Reply at 4. This argument was already made by Lexmark in its Opposition, and

In sum, Lexmark failed to raise these two arguments in its Opposition despite the fact that it had ample opportunity to assert these claims. The existence of the two pending motions by Pendl and Wyatt, and the ample caselaw cited by Constantine Cannon in its initial Motion to Quash, were hardly matters to which Lexmark would otherwise have been unable to respond in its Opposition. Lexmark took a gamble by failing to address these arguments in its opposition. It would be inappropriate to permit Lexmark to "hedge its bets" now through a belated surreply. *See United States v. Baroid Corp.*, 346 F. Supp. 2d at 144 (denying a motion for leave to file a surreply, stating that the party "'took a litigation' gamble by not fully addressing the separate agreements in its opposition brief, and it lost").

### B. Lexmark's Abuse of The Rule 45 Subpoena Power Warrants The Sanction of Attorneys' Fees.

Lexmark abused the Rule 45 subpoena power by serving a defective subpoena on Constantine Cannon and continuing to seek to enforce it. Its specious and procedurally defective surreply further exacerbates that abuse. Lexmark's reckless efforts to enforce the October 19 subpoena has forced unnecessary, needless, and time consuming motion practice in this Court; has distracted and harassed Constantine Cannon in the closing weeks of discovery and now with dispositive motions due; and has caused Constantine Cannon and its client, Static Control, to incur unwarranted costs. For these reasons, Constantine Cannon respectfully requests the Court award attorneys' fees to cover Constantine Cannon's and Static Control's costs in defending against Lexmark's meritless subpoena.

---

addressed by Constantine Cannon in its Reply. *See* Constantine Cannon, P.C.'s Reply in Support of Motion to Quash Subpoena Served on Opposing Party's Trial Counsel at 9-11. Lexmark should therefore not be granted leave to reassert it again. *United States Commodity Futures Trading Comm'n*, 441 F. Supp. 2d at 73 (denying motion to file surreply because the reply raised "issues that the parties have already addressed or had the opportunity to address").

84634.1

## CONCLUSION

For the reasons set forth above, Constantine Cannon respectfully requests the Court to deny Lexmark's Motion for Leave to File Sur-Reply, grant Constantine Cannon's Motion to Quash and assess against Lexmark reasonable attorneys' fees to cover its costs and the costs to its client Static Control in defending against Lexmark's defective and indefensible subpoena, including all costs associated with opposing Lexmark's Motion for Leave to File Sur-Reply.

Respectfully submitted,


/s/  Julie Chen Clocker
Seth D. Greenstein (DC Bar # 416733)
Julie Chen Clocker (DC Bar # 435434)
CONSTANTINE CANNON, P.C.
1627 Eye Street, N.W.
Washington, DC 20006
Telephone (202) 204-3509
Fax (202) 204-3501

*For itself and as attorneys for*
*Plaintiff/Counterclaim Defendant*
*STATIC CONTROL COMPONENTS, INC.*

Dated: December 6, 2006

5

84634.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STATIC CONTROL COMPONENTS, INC.

    PLAINTIFF

v.

LEXMARK INTERNATIONAL, INC.,

    DEFENDANT

Misc. Action No. 06-478 (JDB)

**PROPOSED ORDER**

Upon consideration of Constantine Cannon, P.C.'s Opposition to Lexmark International, Inc.'s

Motion for Leave to File Sur-Reply, it is hereby ORDERED as follows:

1.    Lexmark's Motion for Leave to File Sur-Reply is DENIED.

2.    Constantine Cannon's Motion to Quash Subpoena Served on Opposing Party's

Trial Counsel is GRANTED.

2.    Lexmark shall pay all attorney's fees incurred by Constantine Cannon and Static

Control Components, Inc. in connection with the Motion to Quash and in opposing Lexmark's

Motion for Leave to File Sur-Reply.

SIGNED and ENTERED this _____ day of _____, 2006

_____

United States District Judge

84634.1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Constantine Cannon P.C.'s
Opposition to Lexmark International, Inc.'s Motion for Leave to File Surreply to
Constantine Cannon's Motion to Quash Subpoena Served on Opposing Party's Trial
Counsel was served this 6th day of December 2006 by electronic mail to the following
(*) individuals:

Charles F. Shivel, Jr.
Steven B. Loy*
Hanly A. Ingram
STOLL, KEENON & PARK, LLP
300 West Vine St., Suite 2100
Lexington, KY 40507
Fax: (859) 253-1093
Steven.Loy@SKOFirm.com
*Counsel for Lexmark Int'l, Inc.*

Joseph M. Potenza*
BANNER & WITCOFF, LTD.
1001 G Street, NW, 11th Floor
Washington, DC 20001
Fax: (202) 508-9299
JPotenza@BannerWitcoff.com
*Counsel for Lexmark Int'l, Inc.*

Michael L. Krashin
Christopher J. Renk
Binal J. Patel*
Jason S. Shull
Timothy C. Meece
BANNER & WITCOFF, LTD.
10 S. Wacker Dr., Suite 3000
Chicago, IL 60606
Fax: (312) 715-1234
BPatel@BannerWitcoff.com
*Counsel for Lexmark Int'l, Inc.*

Andrew CopenHaver
Hada Haulsee
WOMBLE CARLYLE SANDRIDGE
 AND RICE, PLLC
One West Fourth St.
Winston-Salem, NC 27101
Fax: (336) 721-3660
ACopenHaver@WCSR.com
*Counsel for Lexmark Int'l, Inc.*

Andrew D. DeSimone*
Douglas L. McSwain
STURGILL, TURNER, BARKER
 & MOLONEY PLLC
155 E. Main St., Suite 400
Lexington, KY 40507-1317
Fax: (859) 231-0851
ADesimone@SturgillTurner.com
*Counsel for Wazana Brothers Int'l, Inc.*

A. Steven Dotan*
Darren S. Enenstein
Ned Gelhaar
James M. Gilbert
Jeffrey R. Glassman
Gregory Kim
Kimberly D. Lewis
Steven E. Moyer
Ira M. Siegel
MOLDO DAVIDSON FRAIOLI
SEROR & SESTANOVICH, LLP
1925 Century Park East, 16th Floor
Los Angeles, CA 90067
SDotan@MDFSLaw.com
*Counsel for Wazana Brothers Int'l, Inc.*

Joel T. Beres*
Jack A. Wheat
Jennifer L. Kovalcik
STITES & HARBISON, PLLC
400 W. Market St., Suite 1800
Louisville, KY 40202
Fax: (502) 587-6391
JBeres@Stites.com
*Counsel for Pendl Cos., Inc.*

Daniel E. Danford*
Elizabeth L. Thompson
STITES & HARBISON, PLLC
250 W. Main Street
2300 Lexington Financial Center
Lexington, KY 40507
Fax: (859) 253-9144
DDanford@Stites.com

- 1 -

84658.1

*Counsel for Pendl Cos., Inc.*

Jay E. Ingle*
JACKSON & KELLY
175 E. Main Street
P.O. Box 2150
Lexington, KY 40588
Fax: (859) 288-2849
Jingle@JacksonKelly.com
*Counsel for NER Data Products, Inc.*

Thomas C. O'Konski*
Michael R. Reinemann
CESARI & MCKENNA, LLP
88 Black Falcon Avenue
Boston, MA 02210
Fax: (617) 951-3927
TOK@C-M.com
*Counsel for NER Data Products, Inc.*

Andrew C. Oatway
MORISI & OATWAY
1400 Hancock St., 3rd Floor
Quincy, MA 02169
Fax: (617) 479-6885
ACO@Morisi.com
*Counsel for NER Data Products, Inc.*

**Constantine Cannon, P.C**

- 2 -

84658.1